Michael E. Sullivan, Esq. #5142
**SBW LAW GROUP**
3600 Mayberry Drive
Reno, Nevada 89509
Telephone: (775) 299-4051
Email: msullivan@sbwlawgroup.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARVETTE RAMOCIOTTI, individually,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a foreign corporation, dba COSTCO STORE #26; DOE STORE CLERK, individually; DOES 1-20, inclusive; ROE BUSINESS ENTITIES 1-20, inclusive,

Defendants.
_______________________________________/

Case No.: 3:26-cv-00795-MMD-CLB

**ORDER GRANTING STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by Plaintiff CHARVETTE RAMOCIOTTI ("Plaintiff"), by and through her attorney of record, PALVIN S. JHITA, ESQ. of CLARK LAW GROUP, PLLC, and Defendants COSTCO WHOLESALE CORPORATION, ("Costco") by and through their attorneys of record MICHAEL E. SULLIVAN, ESQ., of SBW LAW GROUP, that a Protective Order be entered by this Court as follows: Discovery in this action will require the Parties to provide documents that contain information that is confidential, proprietary, and/or sensitive. Disclosure of this information could result in harm to the disclosing Party. Although this information must be disclosed, the disclosing Party is entitled to the protections described below.

1. In addition, Plaintiff and the Defendant may seek other Confidential Material. This Protective Order shall apply to all documents, materials, and information that is sought by a party

either from other parties to this litigation or from any third party with possession or custody of Confidential Material during discovery, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure. The Parties assert the disclosure of Confidential Material outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests and could result in significant injury to a third party's privacy interests, as well as significantly erode the attorney-client privilege. The Parties have entered into this Stipulation and request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Material except as set forth herein.

2. As used in this Protective Order, the term "confidential information" means any documents, testimony, or other information for which protection from disclosure has been identified, requested or designated by any subsequent order of the Court relating to medical records, company proprietary documentation, trade secrets, customer lists, etc.

3. The term "disclosure" shall include the dissemination, communication, publication, or reproduction of any confidential material or the contents of the information contained therein, or the communication of any estimate or other information which facilitates the discovery of confidential information.

As used in this Protective Order, the term "qualified persons" means (i) counsel of record for the parties to the litigation, including office associated, paralegal, and stenographic and clerical employees to whom disclosure is reasonably necessary; (ii) experts retained for the purpose of this litigation to whom disclosure is reasonably necessary and who have signed the Confidentiality Agreement, a form of which is attached hereto as EXHIBIT "1", (iii) parties to this action who have signed the Confidentiality Agreement, a form of which is attached hereto as EXHIBIT "1",

SBW LAW GROUP
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

(iv) fact witnesses to whom disclosure is reasonably necessary for deposition preparation or testimony, subject to the safeguards set forth below; and (v) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

4. Confidential information shall be and remain confidential, and, except as allowed by this Protective Order, may not be disclosed or communicated, nor used for any purpose other than this litigation, including any appeals.

5. Any and all documents containing confidential information must be retained by counsel and not be disclosed or made available to any person other than a qualified person who has read and acknowledged the terms of this Protective Order. Similarly, the confidential information contained within those documents may not be disclosed to any person other than a qualified person. To the extent reasonably necessary, copies of confidential documents may be provided to experts retained for the purpose of this litigation to whom disclosure is reasonably necessary and who have signed the Confidentiality Agreement. Nothing in this Protective Order shall in any way affect the admissibility at trial of any of the documents produced under this Protective Order. Before confidential material is disclosed to a fact witness, counsel shall provide the witness with a copy of this Protective Order and obtain the witness's executed Confidentiality Agreement, or, during a deposition, obtain the witness's acknowledgment on the record that the witness has read and agrees to be bound by this Protective Order. Fact witnesses may not retain copies of confidential material except by agreement of the Producing Party or order of the Court. Counsel shall retain any executed witness Confidentiality Agreement.

6. Any person who is in possession of confidential information, or to whom confidential information is disclosed, is responsible for ensuring that such confidential information is not inadvertently disclosed by him or her. Failure to take all reasonable precautions to insure against such inadvertent disclosure will be viewed by the Court as willful disobedience of this

SBW LAW GROUP
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

Protective Order and will be punished accordingly. Counsel receiving confidential information may not disclose that confidential information to any expert without first furnishing to that expert a copy of this Protective Order and obtaining from that expert an executed Confidentiality Agreement, a form of which is attached hereto as EXHIBIT "1". The original of any such executed Confidentiality Agreement must be retained in the office of counsel who retained the expert. Executed expert Confidentiality Agreements shall be retained by counsel and need not be served upon other parties absent agreement or order of the Court for good cause. Nothing in this Protective Order requires identification of consulting experts or accelerates any expert disclosure required by the Federal Rules of Civil Procedure or the Court's scheduling order.

7. Any person who executed a copy of the Confidentiality Agreement attached hereto submits to the jurisdiction of this Court for purposes of enforcement of this Protective Order, while this action remains pending, consistent with the Retention of Jurisdiction provision below. The Court's jurisdiction to enforce this Protective Order shall cease upon dismissal of this action, as provided in the Retention of Jurisdiction provision below.

8. Before being copied for production, documents containing confidential information must be marked "CONFIDENTIAL."

9. Objections to Designations:

a. If any Party believes that material otherwise designated as Confidential Material should not be classified as such, that Party may at any time state the objection by letter to counsel for the opposing Party, setting forth the reasons that the objecting Party believes the material should not be treated as Confidential and/or Privileged, as the case may be. Failure to challenge a confidentiality designation within thirty (30) days of receipt does not waive a later challenge.

SBW LAW GROUP
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

b. The Producing Party shall respond, in writing, within ten (10) days, setting forth the reason(s) that Party believes the material should be treated as Confidential Material.

c. If the objection cannot be resolved through a meet-and-confer, either Party may provide written notice confirming that the meet-and-confer has concluded without resolution. The Producing Party must file a motion to maintain the challenged confidentiality designation within thirty (30) days after service of that notice. If the Producing Party does not timely file such a motion, the challenged confidentiality designation shall be deemed withdrawn. The burden of proof regarding the confidentiality of the materials shall remain with the Producing Party.

d. Until an objection to the designation of the materials has been resolved by agreement of counsel, by order of the Court, or by withdrawal or deemed withdrawal of the challenged designation under this Protective Order, the materials shall be treated as Confidential and remain subject to this Protective Order. If a motion to maintain confidentiality is timely filed, the challenged materials shall remain Confidential pending the Court's ruling.

10. Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal and shall be filed consistent with the Court's electronic filing procedures. The party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court.

11. Nothing in this Protective Order precludes the deposition examination of any person regarding confidential information of which they have knowledge. Confidential material

SBW LAW GROUP
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

may also be shown to fact witnesses as reasonably necessary for deposition preparation or testimony, subject to the witness safeguards set forth above. All transcripts of said deposition containing confidential information will be treated in accordance with this Protective Order.

12. Only qualified persons, the deponent, and counsel for the deponent (including legal assistants) may attend deposition examinations in this case, unless stipulated by the parties or Court Order.

13. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Protective Order and that copies of any transcript, reporter's notes, or any other transcripts records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the Court.

14. Nothing in this Protective Order requires a party to disclose confidential information that the party also contends is protected from disclosure based upon a privilege or for some reason other than the mere confidential nature of the document or information.

15. Upon the final determination of this action, counsel and all qualified persons shall return any confidential information to the disclosing party or destroy the confidential information, together with any copies of confidential information. Transcripts containing confidential information also must be returned to the disclosing party or destroyed. ***This does not apply to counsel's obligations to retain files pursuant to Nevada Rules of Professional Conduct. After any retention requirement is fulfilled, counsel shall destroy any confidential information.*** All notes or any other memorialization of the information contained in the confidential material produced that are in the possession of counsel may be retained by counsel, but shall be placed in a sealed envelope or other container on the face of which shall be typed or printed:

SBW LAW GROUP
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

**"CONFIDENTIAL"**

> "The information contained herein is confidential and subject to a protective order issued by the United States District Court. Anyone not permitted to review this information as set forth in the protective order is in violation of that order and may have sanctions imposed against him or her as the Court may determine and allowable under law and may also be subject to contempt of court proceedings."

16. Anyone found to be in violation of this Order may have sanctions imposed against him or her as the Court may determine and allowable under law and may also be subject to contempt of court proceedings, including the payment of costs and reasonable attorney's fees to any party aggrieved by the violation.

**RETENTION OF JURISDICTION**

17. The Court shall retain jurisdiction over the parties to this Protective Order in order to enforce its provisions, including by injunction, the imposition of sanctions for breach, or otherwise. However, this Court will only retain jurisdiction over stipulated protective orders while a case is pending, and its jurisdiction will cease upon dismissal of the case.

///

///

///

///

///

///

///

SBW LAW GROUP
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

**AFFIRMATION:** The undersigned does hereby affirm that this document does not contain the Social Security Number of any person.

Michael E. Sullivan, Esq., and Palvin S. Jhita, Esq., by the signature of counsel below, expressly consent to such jurisdiction.

**Respectfully Submitted by:**

DATED this 16th day of November 2026.

CLARK LAW GROUP, PLLC

____*/s/ Palvin S. Jhita, Esq.*
PALVIN S. JHITA, ESQ.
2320 Potosi Street
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*

**Approved to Form and Content by:**

DATED this 16th day of November 2026.

SBW LAW GROUP

__*/s/ Michael E. Sullivan, Esq.*___
MICHAEL E. SULLIVAN, ESQ.
3600 Mayberry Drive
Reno, Nevada 89509
*Attorneys for Defendant*

**IT IS SO ORDERED:**

______________________________
U.S. MAGISTRATE JUDGE

DATED: November 16, 2026

# EXHIBIT LIST

| Exhibit # | Description | Pages |
|---|---|---|
| Exhibit “1” | CONFIDENTIALITY AGREEMENT | 1 |

SBW LAW GROUP
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051

**EXHIBIT 1**

**CONFIDENTIALITY AGREEMENT**

1. I hereby acknowledge that I am about to receive confidential information supplied by Plaintiff CHARVETTE RAMOCIOTTI and/or COSTCO WHOLESALE CORPORATION.

2. I have read the Protective Order governing the restricted use of confidential information in this litigation, a copy of which has been provided to me. I agree to be bound by the terms thereof.

3. I will not use any documents marked with the legend "CONFIDENTIAL" or any information contained therein for any purpose other than litigation involving CHARVETTE RAMOCIOTTI and COSTCO WHOLESALE CORPORATION, a foreign corporation, dba COSTCO STORE #26; DOE STORE CLERK, individually; DOES 1-20, inclusive; ROE BUSINESS ENTITIES 1-20, inclusive.

4. Further, I affirm that I will not reveal any confidential information to, nor discuss it with, any other person except in accordance with the terms of the Protective Order.

5. At the termination of this litigation, I will return all documents containing confidential information as required by the Protective Order.

6. I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order, while this action remains pending, subject to the Protective Order's provision that the Court's jurisdiction ceases upon dismissal.

DATED: This ____ day of ____________________, 2026.

______________________________
Signature

______________________________
Type or print name of individual

SBW LAW GROUP
3600 Mayberry Dr.
Reno, NV 89509
775.299.4051